# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>                Plaintiff/Stakeholder,<br><br>   v.<br><br>DAN PELKEY, individually and as Trustee of The Clarence E. Pelkey Irrevocable Life Insurance Trust; ELAINE PELKEY; JO PELKEY; JULIE ATCHLEY; MONICA PETERSON; and THE CLARENCE E. PELKEY IRREVOCABLE LIFE INSURANCE TRUST,<br><br>                Defendants/Claimants. | Case No. |

## PRINCIPAL LIFE INSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER AND REQUEST TO INTERPLEAD FUNDS

Plaintiff/Stakeholder Principal Life Insurance Company ("Principal"), by its undersigned counsel, for its Complaint for Interpleader and Other Equitable and Declaratory Relief pursuant to 28 U.S.C. § 1335 against the above-named Defendants (collectively, "Claimants"), states as follows:

## INTRODUCTION

1.      This is an action in interpleader pursuant to 28 U.S.C. § 1335 for discharge of Principal's liability and to resolve competing and conflicting claims to life insurance benefits due upon the death of Clarence E. Pelkey ("Decedent"), insured under Policy No. 6463956 issued by Principal.

Classification: Customer Confidential

2.     Principal admits liability for payment of the death benefits but cannot safely determine the proper payment recipient(s) without risking multiple liability due to the conflicting beneficiary designations, trust provisions, and settlement discussions described herein.

## PARTIES

3.     Plaintiff/Stakeholder Principal is an insurance company organized under the laws of Iowa, with its principal place of business at 711 High Street, Des Moines, Iowa 50392-0410.

4.     Upon information and belief, Defendant Dan Pelkey ("Dan") is a citizen of Wisconsin and serves as Trustee and a beneficiary of The Clarence E. Pelkey Irrevocable Life Insurance Trust ("Pelkey Trust").

5.     Upon information and belief, Defendant Elaine Pelkey ("Elaine") is a citizen of Virginia and a beneficiary of the Pelkey Trust.

6.     Upon information and belief, Defendant Jo Pelkey ("Jo") is a citizen of Colorado and a beneficiary of the Pelkey Trust.

7.     Upon information and belief, Defendant Julie Atchley ("Julie") is a citizen of Washington and a beneficiary of the Pelkey Trust.

8.     Upon information and belief, Defendant Monica Peterson ("Monica") is a citizen of Michigan and the surviving spouse of Decedent.

9.     Defendant The Clarence E. Pelkey Irrevocable Life Insurance Trust is a Wisconsin trust, originally established by Decedent, and is the recorded owner and original primary beneficiary of the Policy.

## JURISDICTION AND VENUE

Classification: Customer Confidential

10. This Court has jurisdiction under 28 U.S.C. § 1335 because two or more adverse claimants of diverse citizenship are claiming entitlement to money in the custody of Plaintiff exceeding $500.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1397 because one or more claimants reside in this district.

## FACTS

12. On or about September 28, 1996, Principal issued Policy No. 6463956 (the "Policy") insuring the lives of Clarence E. Pelkey and Janet L. Pelkey, with an initial death benefit of $500,000. The benefit later decreased to $258,906 for the surviving insured as of September 2023. (A true and correct copy of the Policy is attached and incorporated herein as **Exhibit A.).**

13. The Policy owner and primary beneficiary at issuance was the Pelkey Trust.

14. Janet Pelkey died on February 4, 2006. Clarence Pelkey died on August 28, 2024, triggering payment of $384,130.45 under the Policy.

15. In August 2022, then-trustee David Rivard submitted a beneficiary change form adding Monica Peterson as a co-beneficiary "in equal shares" with the Pelkey Trust. (A true and correct copy of the Change of Trustee Certification is attached and incorporated herein as **Exhibit B).**

16. The August 2022 Change of Trustee Certification contains handwritten notes in the margin, which *appear to state*, "Add", next to the new beneficiary designation, and "Others Remain Unchanged . . . Equal Shares" next to blank remaining beneficiary designations in the form. (*See* Exh. B).

3 of 6

Classification: Customer Confidential

17.     In August 2023, after Rivard's death, Dan Pelkey became Trustee of the Pelkey Trust.  (A true and correct copy of the Change of Trustee Certification is attached and incorporated herein as **Exhibit C).**

18.     Following Clarence's death, competing positions arose as to the beneficiary status and share of potential distribution of the Policy's proceeds, as follows:

a)   Upon information and belief, the Trustee contends that any beneficiary change was invalid because the Trust is irrevocable and beneficiary changes required consent of all Trust beneficiaries.

b)   Upon information and belief, Monica asserts she is entitled to a 50% share pursuant to the 2022 change.

c)   Upon information and belief, the Trustee may or could also assert that it was Clarence's intention that the Policy benefit to be split five (5) ways equally between Monica and the four (4) children (i.e., Dan, Elaine, Jo, and Julie) who are named beneficiaries of the Trust.

19.     Principal's 2023 Annual Statement lists Monica as sole beneficiary.  (A true and accurate copy of the 2023 Annual Statement is attached and incorporated herein as Exhibit D).

20.     The Trust Document grants broad and comprehensive powers to the Trustee, including "the power to do all things and to execute such instruments as may be deemed necessary or proper including the following powers, all of which may be exercised without order of or report to any court."  (*See Trust Document*, p.6, Section 11.; a true and accurate copy of the Trust Document is attached and incorporated as **Exhibit E**).

Classification: Customer Confidential

21.     However, despite the broad powers granted to the Trustee, the Trust Document is silent on whether the Trustee has the ability to make a beneficiary change to the life insurance policy.

22.     Because of the conflicting designations, disputed validity of the 2022 change, and uncertainty under the Trust Document and the application of Wisconsin trust law, Principal cannot safely determine who is entitled to the Policy proceeds.

23.     Based on the potential conflicting positions of the Defendants, Principal has no option under which it could safely distribute the Policy proceeds without such a distribution: (a) resulting in prejudice to one or more of the Defendants; and/or (b) resulting in Principal incurring potential liability to one or more of the Defendants for its distribution of proceeds to one or more beneficiaries to the determinant of one or more other beneficiaries.

## COUNT I – INTERPLEADER RELIEF

24.     Principal restates and incorporates paragraphs 1–22 as though fully stated herein as paragraph 23.

25.     Principal is ready, willing, and able to pay the Policy benefits but faces multiple adverse claims from individuals residing in different states.

26.     Principal is a disinterested stakeholder and claims no beneficial interest in the proceeds, except to recover reasonable attorneys' fees and costs.

27.     Principal will deposit the full $384,130.45, plus any applicable interest, into the registry of the Court for distribution per the Court's judgment.

WHEREFORE, Plaintiff/Stakeholder Principal Life Insurance Company seeks a declaratory judgment with the following relief from this Honorable Court:

a)      Grant leave for Principal to deposit the Policy benefits into the registry of the Court;

Classification: Customer Confidential

b) Order Defendants to interplead and settle among themselves their rights to the Policy benefits;

c) Restrain Defendants from initiating other proceedings against Principal regarding the Policy;

d) Discharge Principal from all liability upon deposit of the funds;

e) Award Principal reasonable attorneys' fees and costs from the deposited funds; and

f) Grant such other and further relief as the Court deems just and proper.

Dated: September 9, 2025

Respectfully submitted,

*/s/ Paul G. Gamboa*
Paul G. Gamboa. (#1120056)
PGamboa@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
250 E Wisconsin Ave Ste 1800
Milwaukee, WI 53202
Tel: (312) – 619-4937

Classification: Customer Confidential